## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | |
| | ) | Chapter 11 |
| LMCHH PCP, LLC, [1] | ) | |
| | ) | Case No. 17-10201 (___) |
| Debtor. | ) | |
| | ) | |
| | ) | |
| In re | ) | |
| | ) | Chapter 11 |
| Louisiana Medical Center and Heart Hospital, | ) | |
| | ) | Case No. 17-10202 (___) |
| Debtor. | ) | |
| | ) | |

## DEBTORS' MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

LMCHH PCP LLC, a Delaware limited liability company (the "**Physicians Group**"), and

of Louisiana Medical Center and Heart Hospital, LLC, a North Carolina limited liability

company ("**LHH**" and collectively with the Physicians Group, the "**Debtors**"), hereby file this

motion (the "**Motion**") seeking the entry of an order pursuant to Rule 1015(b) of the Federal

Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Del. Bankr. L.R. 1015-1

directing the joint administration of the Debtors' Chapter 11 cases (the "**Bankruptcy Cases**"),

and granting them such other and further relief as the Court deems just and proper.  In support of

this Motion, the Debtors respectfully represent as follows:

## I.    GENRAL BACKGROUND

1.    On the date hereof (the "**Petition Date**"), the Debtors commenced voluntary cases

under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors

---

[1] The last four digits of the taxpayer identification numbers for each of the Debtors follow in parenthesis: (i) LMCHH PCP LLC (8569); and (ii) Louisiana Medical Center and Heart Hospital, LLC (7298).  The mailing address for the Debtors is 64030 Highway 434, Lacombe, LA  70445.

are authorized to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

### A.     The Debtors' Business and Reasons for Seeking Chapter 11 Relief

2.      The Debtors operate a nationally recognized 132-bed acute-care hospital located in the heart of St. Tammany Parish in Lacombe, Louisiana, specializing in treatment of cardiovascular disease and injuries affecting the spine.  In addition to cardiovascular and spine care, the Debtors offer a full range of inpatient and outpatient medical, surgical, and diagnostic services covering more than 35 specialties including orthopedics, vascular and general surgery, urology, gastroenterology, and neurology.

3.      In recent years, admissions revenue and net outpatient revenue have fallen below projections, while salaries, wages, and benefits have risen substantially.  In an attempt to increase revenue, the Debtors added additional physicians to their network, engaged in a concerted marketing effort, and sought out supplier contracts with advantageous terms. Despite implementing these new strategic initiatives, Debtors' operations have not been profitable due, in part, to flat hospital intake volume and the cost of the expanded physician network exceeding its revenues.

4.      Additional information regarding the Debtors, their business and the events leading to the commencement of the Bankruptcy Cases can be found in the *Declaration of Neil F. Luria, Chief Restructuring Officer, in Support of Chapter 11 Petitions and First Day Motions* (the "**Luria Declaration**"), which is incorporated herein by reference.

### B.     Facts in Support of Requested Relief

5.      The Debtors' operations are conducted through two entities, LHH and the Physicians Group, each of which are Debtors in these Bankruptcy Cases.  LHH holds 95% of the

interests in the Physicians Group.   Despite common ownership and interrelated business operations, each Debtor maintains separate books and records, including audited financial statements.   Although the Debtors have separate and distinct assets and liabilities, together the Debtors provide a symbiotic and interrelated approach to patient care.   In providing services, the Debtors put forth a joint business model to their patients and vendors.   Accordingly, in some instances, both Debtors are parties to the same transaction or multiple, related transactions. Therefore, many of the notices, applications, motions, pleadings, and much of the relief sought in these cases will concern both of the Debtors.   Moreover, the Debtors anticipate that these Bankruptcy Cases will proceed on the same timetable.   It is therefore in the best interests of the Debtors to have their cases jointly administered.

6.      The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration of these Bankruptcy Cases because the rights of each creditor against the respective estates will be preserved.   The Motion does not seek substantive consolidation of the Debtors' estates and does not seek to change the relative rights and remedies of creditors as against the individual Debtors. Accordingly, the substantive rights of parties in interest will not be prejudiced or otherwise negatively affected by the entry of an order directing the procedural joint administration of these Bankruptcy Cases.

## II.      <u>JURISDICTION AND VENUE</u>

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.   Venue of the Bankruptcy Cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### III.    REQUEST FOR RELIEF AND BASIS THEREFOR

#### A.    Request for Relief

8.      The Debtors seek the entry of an order, pursuant to Bankruptcy Rule 1015 and Del. Bankr. L.R. 1015-1, consolidating the Bankruptcy Cases for procedural purposes only. Many of the motions, applications, hearings and orders that will arise in the Bankruptcy Cases will affect both of the Debtors.  For that reason, the Debtors respectfully submit that their interests, as well as the interests of their creditors and other parties-in-interest, would be best served by the joint administration of these Chapter 11 cases for procedural purposes only.

9.      The Debtors also request that the Clerk of the Court maintain one file and one docket for the Bankruptcy Cases, which file and docket shall be the file and docket for the Physicians Group and LHH.

10.     The Debtors further request that the caption of the Bankruptcy Cases be modified as follows to reflect their joint administration:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| In re | ) | Chapter 11 |
|---|---|---|
| | ) | |
| LMCHH PCP LLC, *et al.*,[1] | ) | Case No. 17-10201 (___) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

\*\*\*

[1]    The last four digits of the taxpayer identification numbers for each of the Debtors follow in parenthesis: (i) LMCHH PCP LLC (8569); and (ii) Louisiana Medical Center and Heart Hospital, LLC (7298).  The mailing address for the Debtors is 64030 Highway 434, Lacombe, LA  70445.

11.     In addition, the Debtors seek the Court's direction that an entry be made on the docket of the LHH Chapter 11 Case that is substantially similar to the following:

An order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 11 cases of LMCHH PCP LLC and Louisiana Medical Center and Heart Hospital, LLC, and the docket in the case of LMCHH PCP LLC (Case No. 17-10201 (___)) should be consulted for all matters concerning such cases.

**B.**     **Bases for Relief**

    **i.**     **The Debtors Are Affiliates Under Federal Bankruptcy Rule 1015(b)**

12.     Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Section 101(2) of the Bankruptcy Code defines "affiliate" to mean, among other things:

> [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor .
>
> . . [or]
>
> [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .

11 U.S.C. § 101(2).

13.     Joint administration of the Bankruptcy Cases is warranted because each Debtor is an "affiliate" of the other Debtors under Section 101(2) of the Bankruptcy Code. Specifically, LHH holds over 96% of the interests in LMCHH PCP.

    **ii.**     **Joint Administration of the Bankruptcy Cases is Appropriate Under Del. Bankr. L.R. 1015-1**

14.     As further detailed in the Luria Declaration, because of the intertwined nature of the businesses of the Debtors, the consolidated manner in which they manage cash, and the debt structure of the enterprises, joint administration of the Debtors' respective estates pursuant to

Del. Bankr. L.R. 1015-1 is warranted.  Joint administration will ease the administrative burden for the Court and the parties, and will enable all parties to locate and file documents with ease.

15.    Although the Debtors may have different creditors in some instances, the Debtors have consistently worked together to effectuate their operations.  Therefore, many of the notices, applications, motions, and other pleadings filed, and much of the relief sought, in these cases will concern both of the Debtors.  Moreover, the Debtors anticipate that their Bankruptcy Cases will proceed on the same timetable.  Absent joint administration, the resources of the Debtors, time and money would unnecessarily be expended on the filing and service of the same or similar pleadings in multiple cases.

16.    The joint administration of the Bankruptcy Cases will also ease the administrative burden on the Court by allowing the Clerk of the Court to use a single general docket for these cases rather than maintaining and updating different dockets.  Similarly, joint administration will eliminate the need for duplicative notices, applications and orders, allowing the Debtors, their creditors, and other parties in interest to file one pleading in a consolidated case rather than separate pleadings in the Debtors' individual cases, to combine and streamline service of those pleadings and other notices on creditors and other parties in interest, and to monitor these Bankruptcy Cases by reviewing one docket rather than separate dockets.  Joint administration will reduce the number of documents that must be prepared, filed and served in connection with these Bankruptcy Cases, reduce the administrative burden of coordinating these cases, and reduce the monitoring burden that these Bankruptcy Cases will impose on the Court, the Clerk of the Court, the Office of the United States Trustee, and other parties in interest.

17.    Because the Debtors satisfy the requirements of Bankruptcy Rule 1015(b) and Del. Bankr. L.R. 1015-1 and the joint administration is in the best interests of their estates, the

Debtors request the immediate entry of an order providing for the joint administration of the Bankruptcy Cases.

IV.  **NOTICE**

18.    No trustee, examiner, or creditors' committee has been appointed in these Chapter 11 cases.  The Debtors have served notice of this Motion on (a) the United States Trustee; (b) those creditors holding the twenty (20) largest unsecured claims; (c) the Internal Revenue Service; (d) MedCare; (e) Midcap; (f) CCG; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002.  As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered respecting this Motion as required by rule 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.  The Debtors submit that no other or further notice need be provided.

WHEREFORE, the Debtors respectfully request that this Court enter an order substantially in the form of Exhibit A hereto authorizing the joint administration of the Bankruptcy Cases, and grant such other and further relief as the Court deems just and proper.

DATED:  January 30, 2017

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Kenneth J. Enos*
Joel A. Waite (No. 2925)
Kenneth J. Enos (No. 4544)
Rodney Square
1000 North King Street
Wilmington, DE 19801-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

**ALSTON & BIRD LLP**

Grant T. Stein
David A. Wender
Sage M. Sigler
1201 West Peachtree Street
Atlanta, Georgia  30309-3424
Telephone:  (404) 881-7000
Facsimile:  (404) 881-7777

*Proposed Attorneys for the Debtors*

## EXHIBIT A

## PROPOSED ORDER

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | |
| | ) | Chapter 11 |
| LMCHH PCP, LLC, [1] | ) | |
| | ) | Case No. 17-10201 (___) |
| Debtor. | ) | |
| | ) | |
| | ) | |
| In re | ) | |
| | ) | Chapter 11 |
| Louisiana Medical Center and Heart Hospital, | ) | |
| | ) | Case No. 17-10202 (___) |
| Debtor. | ) | |
| | ) | |
| | ) | **Ref. Docket No. _____** |

## ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

Upon consideration of the Motion Of Debtors For Order Directing Joint Administration Of Related Chapter 11 Cases (the "**Motion**") filed by LMCHH PCP LLC (the "**Physicians Group**") and Louisiana Medical Center and Heart Hospital, LLC, a North Carolina limited liability company ("**LHH**" and collectively with the Physicians Group, the "**Debtors**"), the Exhibits thereto, the authorities set forth and arguments made in the Motion, and the *Declaration of Neil F. Luria, Chief Restructuring Officer, in Support of Chapter 11 Petitions and First Day Motions*; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that the relief requested is in the best interests of the Debtors and their respective estates and creditors; and after due deliberation and good cause existing to grant the relief requested in the Motion,

---

[1] The last four digits of the taxpayer identification numbers for each of the Debtors follow in parenthesis: (i) LMCHH PCP LLC (8569); and (ii) Louisiana Medical Center and Heart Hospital, LLC (7298).  The mailing address for the Debtors is 64030 Highway 434, Lacombe, LA  70445.

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED.

2.      The Debtors' Chapter 11 cases shall be jointly administered.

3.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Debtors' Chapter 11 cases.

4.      A docket entry shall be made in each of the Debtors' Chapter 11 cases substantially as follows:   "An order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 11 cases of LMCHH PCP LCC, and its affiliated debtor Louisiana Medical Center and Heart Hospital, LLC, and the docket in the case of LMCHH PCP LCC (Case No. 17-10201 (___)) should be consulted for all matters concerning such cases."

5.      The Clerk of the Court shall maintain a single pleadings docket under the case number assigned to LMCHH PCP LLC, which shall be the pleadings docket for all of the Debtors' Chapter 11 cases.

6.      The caption of the jointly administered Chapter 11 cases shall read as follows

**IN THE UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| LMCHH PCP LLC, [1] | ) Case No. 17-10201 (___) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

\* \* \*

[1]  The last four digits of the taxpayer identification numbers for each of the Debtors follow in parenthesis: (i) LMCHH PCP LLC (8569); and (ii) Louisiana Medical Center and Heart Hospital, LLC (7298).  The mailing address for the Debtors is 64030 Highway 434, Lacombe, LA 70445.

7.      The Debtors, their creditors, and other parties in interest are hereby authorized to serve combined notices, pleadings and other papers as necessary to promote efficient administration of these cases.

8.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and enforcement of this Order.


Dated: Wilmington, Delaware

_____, 2017




_____

UNITED STATES BANKRUPTCY JUDGE